# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIZAL AWADAN and SHAINAZ AWADAN, | No. 2:17-cv-01148-KJM-AC |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| REEBOK CORPORATE HEADQUARTER, | |
| Defendant. | |

This matter is before the court on defendant's second amended motion to dismiss. ECF No. 10. Plaintiffs are proceeding in this matter pro se, and this action was accordingly referred to the undersigned for pretrial matters pursuant to Local Rule 302(c)(21). The hearing on defendant's motion was scheduled for August 9, 2017. ECF No. 18. Plaintiffs did not file a response to the motion in accordance with the Local Rules, and so the court extended the hearing to August 16, 2016. ECF No. 19. The court cautioned plaintiffs that failure to submit a timely response could be construed as a statement of non-opposition and a recommendation that this action be dismissed. Id. Plaintiffs again failed to respond to defendant's motion. The undersigned thus construes plaintiffs position as one of non-opposition, and having fully considered defendants motion on its merits, recommends that defendant's motion be GRANTED in part and that the First, Second, Fifth, Sixth, and Eighth causes of action, as well as all claims of

1

plaintiff Faizal Awadan, be DISMISSED with prejudice.  Plaintiffs' Seventh cause of action should be dismissed without prejudice.

## I.     Relevant Background

This action was removed from state court on May 31, 2017.  ECF No. 1.  Plaintiffs' complaint alleges that on December 17, 2016, plaintiff Shainaz Awadan went to the Reebok store in Vacaville, California to purchase goods offered for sale.  ECF No. 1-2 at 6.  After selecting her shoes and paying in full, plaintiff left the store with her merchandise and receipt.  Id.  On January 14, 2017, Ms. Awadan returned to the Reebok store in order to return the shoes.  Id.  She went to the register, and gave the items to the cashier, who asked for her driver's license.  Id.  After typing in the computer, the cashier allegedly told Ms. Awadan that the items had already been returned, and that the cashier was the one that helped her with the return.  Id. at 7.  After Ms. Awadan protested, the cashier again said the shoes could not be returned.  Id.  Before plaintiff could leave with the shoes, the cashier grabbed the shoes and said he needed to check with loss prevention.  Id.  Approximately 30 minutes later, the cashier returned without the shoes and refused to give the shoes back to Ms. Awadan.  Id.

The complaint alleges that Faizal Awadan was shopping elsewhere in the shopping center at the time.  Id.  Ms. Awadan called him and asked him to bring security and the police.  Id.  The Reebok store manager told Mr. Awadan that the shoes had already been returned, and refused to give the shoes back to Mr. Awadan.  Id.  Mr. Awadan told the store manager that it was not possible that the shoes had already been returned because the Awadans had just returned from vacation, and had not previously returned the shoes.  Id. at 8.  By this time a police officer had arrived.  Id.  The police officer said he could not help plaintiffs, and asked them to leave the store.  Id.  Plaintiffs allege that these events caused Ms. Awadan emotional distress, and she feels shamed by the experience of being discriminated against and stereotyped for her ethnicity.  Id.

Plaintiffs bring numerous, vaguely stated causes of action.  They allege as follows: (1) "defendants caused and/or permitted the violation of denying the customer her constitutional rights and discriminated against her ethnicity after looking at her driver's license;" (2) "violation of civil rights, stereotyped its customer and treated her like a common criminal in public in front

2

of other customers and her parents;" (3) "stealing from its customer the first pair of shoes;" (4) "stealing from its customer the second pair of shoes;" (5) "engaging in unethical and unfair business practice that leads to discrimination and theft in a public place of business;" (6) "making false statement to the police to cover up the theft of the shoes;" (7) "false advertising about their return policy;" (8) "unethical and unfair ejection of plaintiffs from a public place of business during store hours." Id. at 9-10.

## II. Motion

Defendant moves to dismiss plaintiffs' First, Second, Fifth, Sixth, Seventh, and Eighth causes of action pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, asserting that plaintiffs do not make cognizable legal claims. ECF No. 10 at 10. Defendants also move to dismiss with prejudice the claims of Faizal Awadan for lack of standing. Id. As discussed above, plaintiffs' failure to respond to defendant's motion is construed as non-opposition to the motion.

## III. Analysis

A. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235 35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. First and Second Causes of Action Cannot State Discrimination Claims

Taking plaintiffs' allegations as true, plaintiffs do not allege facts to support a cognizable civil rights claim under 42 U.S.C. § 1981 or § 1983. Although plaintiffs do not specifically allege §1981's right to contract clause or equal benefit clause, or §1983, the language plaintiffs use appears to invoke these federal laws. Section 1981's "equal benefit" clause provides that all persons shall have the same right to "make and enforce contracts." See 42 U.S.C. § 1981(a). Congress subsequently expanded the scope of Section 1981 to include the right to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." See 42 U.S.C. § 1981(b). Section 1981's "right to contract" clause provides that all persons shall have the right to "the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). Section 1983 provides a civil action for the deprivation of constitutional

4

rights, but only state actors can be held liable under § 1983. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). A private party who willfully participates in joint activity with the State or its agents is considered a state actor. See id. at 152.

Plaintiffs' First and Second causes of action, which state that (1) "defendants caused and/or permitted the violation of denying the customer her constitutional rights and discriminated against her ethnicity after looking at her driver's license;" and (2) "violation of civil rights, stereotyped its customer and treated her like a common criminal in public in front of other customers and her parents," cannot find grounding in § 1981 or §1983. There is no §1981 "right to contract" when a patron of a store purchases goods and receives them, even if the purchased merchandise is subsequently taken away. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 854 (8th Cir. 2001) ("Once Youngblood paid the cashier and received the beef jerky from the cashier, neither party owed the other any duty under the retail-sale contract.") The "equal benefits" clause likewise provides no avenue for relief because it is limited to challenges to law, not private store policies. See, Judie v. Hamilton, 872 F.2d 919, 923 (9th Cir. 1989) ("Judie's job description, however, is not a law"); Youngblood, 266 F.3d at 855.

Similarly, only state actors can be held liable under §1983, though a private party who willfully participates in a joint activity with the state or its agents is considered a state actor. Adickes, 398 U.S. at 150. Here, plaintiffs allege very minimal involvement of a state actor. As alleged, the police officer was not involved in the primary confrontation between plaintiffs and Reebok employees, and defendants cannot be said to have been engaging in a joint activity with the police officer such that relief could be afforded under § 1983. ECF No. 1-2 at 8.

Because the facts of this case cannot state cognizable legal claims of discrimination under either §1981 or §1983, and amendment would be futile given the facts as alleged, plaintiffs' discrimination claims (the First and Second causes of action) should be dismissed with prejudice.

C. Sixth Cause of Action is Barred Under California Law

Plaintiff's Sixth cause of action, which states defendants made a "false statement to the police to cover up the theft of the shoes," is barred under California law. "[U]nder California law, reports to police of suspected criminal activities—even false reports made with malice—are

absolutely privileged and may not serve as predicates for tort claims, except the tort of malicious prosecution." Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1090 (C.D. Cal. 2009); see also, Hagberg v. California Fed. Bank FSB, 32 Cal. 4th 39, 360 (2004). Plaintiffs' claim against defendant is based on an allegedly false report to police and it is therefore barred under California law. Plaintiffs' Sixth cause of action should be dismissed with prejudice.

### D. Fifth and Eighth Causes of Action are Dependent on Discrimination Claims

Plaintiff's Fifth and Eighth causes of action, which claim that defendants engaged "in unethical and unfair business practice that leads to discrimination and theft in a public place of business," and in "unethical and unfair ejection of plaintiffs from a public place of business during store hours," fail because they are not connected to a viable discrimination claim. "California's [Unfair Competition Law] prohibits unlawful, unfair, or fraudulent business acts or practices. California Bus. & Prof. Code § 17200. To state a California state law claim for unlawful or unfair business practices in a discrimination case, a plaintiff is required to establish a viable discrimination claim. Gardner v. Fed. Express Corp., 114 F. Supp. 3d 889, 905 (N.D. Cal. 2015). Plaintiffs fail to state a viable discrimination claim for the reasons already explained, and the facts underlying their complaint demonstrate that they cannot do so. Plaintiffs' Fifth and Eighth causes of action therefore cannot be saved by amendment, and should be dismissed with prejudice.

### E. Seventh Cause of Action Does Not State a Claim

Plaintiffs' Seventh cause of action, that defendants engaged in "false advertising about their return policy" is not supported by the facts as alleged and should be dismissed without prejudice. California's "false advertising law [("FAL")] prohibits any 'unfair, deceptive, untrue, or misleading advertising.' Cal. Bus. and Prof. Code § 17500." Williams v. Gerber Prod. Co., 552 F.3d 934, 938 (9th Cir. 2008). The "California Supreme Court has recognized 'that these laws prohibit 'not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public'. . . . California courts, however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Id.

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "District courts in California have consistently held in addition that claims under California's FAL are grounded in fraud." Yumul v. Smart Balance, Inc., 733 F. Supp. 2d 1117, 1122–23 (C.D. Cal. 2010) (collecting cases).

The facts alleged in this case are legally insufficient, even under the ordinary pleading standard, to state a false advertising claim. Plaintiffs do not allege the content of any advertisement regarding defendant's return policy, or that they relied on the policy in making their purchase. See ECF No. 1-2. Exhibit C to the complaint, provided as documentation of the return/exchange policy, id. at 18, appears to be a reproduction of the bottom portion of the receipt for purchase of the shoes, id. at 14 (Exhibit A). Because the complaint and its attachments do not identify any advertisement or pre-purchase knowledge of the policy, it cannot state a claim for false advertising and Claim Seven should be dismissed. Defendants, however, do not make a compelling argument that leave to amend on this claim would be futile. Unlike the claims discussed above, which are not viable given the nature of the dispute, this claim could conceivably be remedied by allegation of additional facts about defendant's advertisement of its return policy. For that reason, plaintiffs' Seventh cause of action should be dismissed with leave to amend.

### F. Faizal Awadan Lacks Standing

The claims of Faizal Awadan should be dismissed with prejudice because, based on the facts alleged, Mr. Awadan lacks standing. "[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical[.]'' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not

before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61, (1992) (internal citations omitted).

The transactions giving rise to this dispute primarily involve plaintiff Shainaz Awadan; the complaint mentions Faizal Awadan only tangentially. ECF 1-2 at 6-8. The complaint alleges that Shainaz Awadan made the initial purchase of shoes; there is no indication that her husband was involved. Id. at 6. Faizal Awadan was not present for the primary confrontation with Reebok sales associates related to the attempted return of merchandise. Id. 1t 6-7. In discussing emotional harm suffered as a result of the incident alleged, the complaint mentions only harm to Shainaz Awadan. Id. at 8. Mr. Awadan does not allege that he personally suffered any injury. Because Faizal Awadan cannot meet the first element required for standing, that he suffered an "injury in fact," it is recommended that claims brought by Faizal Awadan be dismissed with prejudice for lack of standing.

### IV. Conclusion

Based on the foregoing, the undersigned recommends as follows:

1. That plaintiffs' First, Second, Fifth, Sixth, and Eighth causes of action be DISMISSED with prejudice;
2. That plaintiffs' Seventh cause of action be DISMISSED without prejudice; and
3. That the claims of Faizal Awadan be DISMISSED from this case with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 8, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE