UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAINAZ AWADAN,<br><br>    Plaintiff,<br><br>    v.<br><br>REEBOK CORPORATE HEADQUARTER, also known as Reebok International Ltd.,<br><br>    Defendant. | No. 2:17-cv-1148 KJM AC (PS)<br><br>ORDER |

This matter is before the court on defendant's motion to compel plaintiff to appear for her own deposition. ECF No. 45. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). For the reasons stated below, the court DENIES defendant's motion.

**I.    Relevant Background**

Plaintiff filed her complaint on May 31, 2017. ECF No. 1. On March 30, 2018, District Judge Kimberly J. Mueller adopted the undersigned's findings and recommendations and ordered that all claims in this case be dismissed except for two claims for conversion, giving leave to amend as to a claim for false advertising. ECF No. 26 (adopting F&Rs at ECF No. 21). Plaintiff did not amend and the action therefore proceeds on the original complaint, though only two causes of action currently survive.

////

1

On June 7, 2018, the court issued a scheduling order setting a discovery deadline of January 11, 2019. ECF No. 30. The order expressly stated that "[m]otions to compel must be heard not later than December 19, 2018." Id. at 7. After all discovery deadlines had passed, on February 25, 2019, the parties agreed to submit to the court's Voluntary Dispute Resolution Program. ECF No. 39. They were appointed a mediator on March 18, 2019. ECF No. 40. On June 26, 2019, the court issued an order noting the case did not settle and set a final pretrial conference before the District Judge for October 4, 2019. ECF No. 42. That date has since moved to October 3, 2019. ECF No. 46.

On August 20, 2019, defendant made an initial motion to compel plaintiff's deposition. ECF 43. The court re-opened discovery until October 4, 2019 for the limited purpose of considering the motion, but denied the motion without prejudice because defendant failed to meet and confer with plaintiff before moving. ECF No. 44 at 1-2. The defendant re-filed the motion to compel on August 23, 2019. ECF No. 45.

## II. Motion

Defendant seeks to compel plaintiff's deposition. ECF No. 49 at 2.

## III. Analysis/Summary of the Evidence

Defendant makes a legal argument about its right to take plaintiff's deposition, but based on a review of the record, there is no reason for the court to consider this argument. Defendant states that it "originally noticed [plaintiff's] deposition on July 18, 2019" and that plaintiff has since failed to appear for two properly noticed depositions. Defendant provides no explanation whatsoever as to why the court should compel plaintiff to appear for a deposition that was first noticed <u>months</u> after the discovery deadline in this case had passed. Discovery closed on January 11, 2019. ECF No. 30. The fact that the case went through the VDRP process is irrelevant; that process was initiated after discovery had closed. Defendant's argument that it believed VDRP somehow re-set the discovery deadline is suspect given the clear language of the minute order following VDRP referral, which vacates only the pre-trial conference date, the trial date, and related filing deadlines, with no mention whatsoever of the already-passed discovery deadline. ECF No. 41.

The pre-trial conference in this case is quickly approaching. Defendant's motion is clearly untimely. The court will not compel a deposition at this very late juncture.

### IV. Conclusion

Defendant's motion to compel plaintiff's deposition (ECF No. 45) is DENIED.

IT IS SO ORDERED.

DATED: September 18, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE