1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FAIZAL AWADAN, SHAINAZ            No.  2: 17-cv-01148-KJM-AC
     AWADAN,
12
                 Plaintiffs,
13                                      ORDER TO SHOW CAUSE

           v.
14
     REEBOK CORPORATE
15   HEADQUARTER,

16               Defendants.

17

18          Plaintiffs, proceeding pro se, filed a complaint in Solano County Superior Court on April

19   18, 2017.  The claims arise out of an altercation between plaintiffs and several employees at a

20   Reebok store, in which Reebok employees refused to allow plaintiff Shainaz Awadan to return two

21   pairs of shoes, and ultimately kept the shoes without refunding her the purchase price.  *See*

22   *generally*, Compl., ECF No. 1-2, at 6–7.  Plaintiff's complaint contained claims related to, *inter*

23   *alia*, discrimination, civil rights violations, unethical and unfair business practices, and claimed

24   damages of over $70 million.  Defendant removed the case on May 31, 2017, on the basis of

25   diversity jurisdiction.  *See* Not. of Removal, ECF No. 1 (citing 28 U.S.C. § 1441(b)).  Defendant

26   then moved to dismiss plaintiffs' claims, and, on August 8, 2017, the magistrate judge issued

27   findings and recommendations recommending that the majority of plaintiffs' claims be dismissed,

28   ECF No. 21, which the court adopted, ECF No. 26.  Plaintiffs declined to file an amended complaint

                                          1

1    after the motion to dismiss was granted. ECF No. 29 (Plaintiffs' Response to Order to Show

2    Cause). The only remaining claims are plaintiff Shainaz Awadan's two state law claims for

3    conversion, one for each of the two pairs of shoes. *See* Pl.'s Pretrial St., ECF No. 47, ¶¶ 3–4.

4    Plaintiff claims $5 million for each pair of shoes. *Id.* Generally, the measure of damages in a

5    conversion action is based on the value of the converted property, *Tyrone Pac. Int'l, Inc. v. MV*

6    *Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981). The value of the converted property in this case

7    appears to be roughly $60, given defendants' representation regarding the purchase price of the

8    shoes, Def.'s Pretrial St., ECF No. 51, ¶ 3. Furthermore, nothing in plaintiffs' pleadings gives the

9    court any reason to believe the shoes are more valuable than the average price of a pair of shoes.

10            Under § 1332, district courts have diversity-of-citizenship jurisdiction where the

11    amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332.

12    A federal district court may remand a case sua sponte where a defendant has not established federal

13    jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

14    district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche*

15    *Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257

16    U.S. 92, 97 (1921)). "The sum claimed by the plaintiff" is generally accepted as the amount in

17    controversy, as long as it is "apparently made in good faith." However, if it appears "to a legal

18    certainty that the claim is really for less than the jurisdictional amount," remand is justified.

19    *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). "[T]he court

20    "may go beyond the pleadings for the limited purpose of determining the applicability" of a rule of

21    law that limits damages. *In re Brown*, No. BAP NV-16-1099-KULJU, 2017 WL 1149074, at *5

22    (B.A.P. 9th Cir. Mar. 27, 2017), *appeal dismissed*, No. 16-1099, 2018 WL 1989647 (9th Cir. Apr.

23    23, 2018) (citation omitted).

24            Given defendant's representations regarding the value of the two pairs of shoes,

25    which comport with common sense, the court doubts that the available damages in this case can

26    meet even the $75,000 threshold for the court to exercise diversity jurisdiction. Accordingly, the

27    parties are hereby ORDERED to meet and confer regarding the amount in controversy, and file a

28    /////

1  joint status report to the court in fourteen days either stipulating to remand or explaining why this

2  case should not be remanded to Solano Superior County Court for lack of jurisdiction.

3          In light of this order, the Final Pretrial Conference schedule for October 3, 2019, is

4  hereby VACATED and RESET for November 1, 2019.

5      IT IS SO ORDERED.

6  DATED:  September 23, 2019.

7

8                                              _____
                                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28