UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIZAL AWADAN, SHAINAZ AWADAN,<br><br>Plaintiffs,<br><br>v.<br><br>REEBOK CORPORATE HEADQUARTER,<br><br>Defendant. | No. 2: 17-cv-01148-KJM-AC<br><br>ORDER |

On September 27, 2019, the court issued an order requiring the parties to meet and confer regarding the amount in controversy and file a joint status report either stipulating to remand the case or explaining why the case should not be remanded for lack of jurisdiction. The parties filed separate status reports. The court now REMANDS the case to Solano County Superior Court on its own motion.

I. <u>Factual Background</u>

This case arises from a dispute over the return of two pairs of shoes to a Reebok store, in which Reebok employees refused to allow plaintiff Shainaz Awadan to return two pairs of shoes, and ultimately kept the shoes without refunding her the purchase price. *See generally*, Compl., ECF No. 1-2, at 6–7. Plaintiff, proceeding pro se, filed a complaint in Solano County Superior Court on April 18, 2017, alleging, *inter alia*, discrimination, civil rights violations,

1

unethical and unfair business practices, and claiming damages of over $70 million. Defendant removed the case on May 31, 2017 based on diversity jurisdiction. *See* Not. of Removal, ECF No. 1. The magistrate judge issued findings and recommendations recommending a grant of defendant's motion requesting that all claims excepting state law claims for conversion be dismissed, ECF No. 21; that recommendation was adopted by the court, ECF No. 26. Plaintiffs declined to file an amended complaint. Pls.' Response to Order to Show Cause, ECF No. 29.

The only remaining claims are plaintiff Shainaz Awadan's claims for conversion, one for each of the two pairs of shoes. *See* Pls.' Pretrial St., ECF No. 47, ¶¶ 3-4. Plaintiff claims $5 million for each pair of shoes. *Id.* Attached as Exhibit A to plaintiffs' complaint is the receipt showing values of $19.99 and $39.99 for the shoes at issue. Compl. at 14. Responding to the order to show cause, plaintiffs' separate status report does not dispute the value of the shoes. Plaintiff Ms. Awadan reiterates her request for punitive damages "to seek justice and punish Reebok for there [sic] wrong doing so this may not happen to anyone else again[.]" Pls.' Status Report, ECF No. 56 at 2.

II. <u>Legal Standard</u>

District courts only have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties have complete diversity of citizenship. 28 U.S.C. § 1332. "The sum claimed by the plaintiff" is generally accepted as the amount in controversy, as long as it is "apparently made in good faith." However, if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount," remand is justified for lack of jurisdiction. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). "[T]he court 'may go beyond the pleadings for the limited purpose of determining the applicability' of a rule of law that limits damages." *In re Brown*, No BAP NV-16-1099-KULJU, 2017 WL 1149074, at *5 (B.A.P. 9th Cir. Mar. 27, 2017), *appeal dismissed*, No. 16-1099, 2018 WL 1989647 (9th Cir. Apr. 23, 2018) (citation omitted).

The measure of damages in a conversion action, such as this one, is based on the value of the converted property. *Tyrone Pac. Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981). In California, plaintiffs must show that the defendant acted with malice, fraud or

2

oppression in committing a tort to get punitive damages. Cal. Civ. Code § 3294. Although there is no fixed ratio between compensatory and punitive damages, "punitive damages must bear a reasonable relationship and be proportionate to the actual harm suffered by the plaintiff (i.e. compensatory damages)." *Bardis v. Oates*, 119 Cal. App. 4th 1, 17 (2004) (quoting *Marron v. Superior Court*, 108 Cal. App. 4th 1049, 1059–60 (2003)). Punitive damages awards far in excess of compensatory damages may violate the Due Process Clause of the Fourteenth Amendment. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). The Supreme Court has held that a ratio of punitive damages to compensatory damages exceeding single digits may comport with Due Process, but only when "a particularly egregious act has resulted in only a small amount of economic damages." *Campbell,* 538 U.S. at 425.

III.   Discussion

Here, plaintiff disclosed in her complaint and defendant does not dispute that the total value of the shoes at issue is $59.98. Compl. at 14. In the remaining action for conversion, that amount would be the measure of her compensatory damages.

Plaintiff Ms. Awadan also asks for punitive damages. Even assuming, *arguendo*, she could prove that the Reebok store's acts were malicious, fraudulent or oppressive, the punitive damages award would not reach the jurisdictional limit of $75,000.01. Although there is no fixed formula for punitive damages, ratios of punitive damages to compensatory damages exceeding single digits are viewed with skepticism, as signaled by the Court's observation in the *Campbell* case quoted above. For plaintiff's final award to reach the jurisdictional limit here, she would need to achieve a punitive damages ratio of 1,250:1, i.e., $1,250.00 in punitive damages for every $1 in compensatory damages. Such an award would violate due process by any formulation of the legal standard. Thus, it is legally impossible for plaintiffs to recover the jurisdictional limit on the remaining claims.

/ / /

/ / /

/ / /

/ / /

3

IV. <u>Conclusion</u>

For the foregoing reasons, this case is hereby REMANDED to Solano County Superior Court.

DATED: November 5, 2019.

_____
UNITED STATES DISTRICT JUDGE